### GEORGE H. ALLING v. STATE EX REL. NICHOLS.

1. BASTARDY—COMMITMENT—ORDER NEED NOT BE MADE AT SAME TERM.
   The authority of the court of common pleas to order a commitment, in a bastardy proceeding, for failure to comply with the order of court, requiring payment of costs and the giving of a bond for the maintenance of the child, is not confined to the time or the term at which the order to provide for the support of the child is made.

2. PURPOSE TO GIVE DEFENDANT OPPORTUNITY TO COMPLY WITH ORDER.
   It is the purpose of the statute relating to such proceedings to give the defendant an opportunity to give the security required by the order, and if, after having had the opportunity, he fails to comply, the court may then, and at a subsequent term, order his commitment to jail.

ERROR to the Court of Common Pleas of Cuyahoga county.

MARVIN, J.

The judgment of the court of common pleas is affirmed.

In a proceeding in bastardy the defendant had been found to be the reputed father of the bastard, and the court had rendered judgment that

Alling v. State ex rel. Nichols.

"said defendant is adjudged to be the reputed father of the complainant's bastard child and he is charged with the maintenance, in the sum of one thousand dollars, which he is ordered to pay to said complainant. And he is charged with the costs of prosecution and he is required to give bond for the faithful performance of this order, and he failing to appear and comply with said requirements, his said recognizance is declared forfeited."

At a subsequent term of the court, the defendant, having failed to comply with this order, in that he had neither paid the money or given the bond, the court, on motion of the relator, granted a motion for the commitment of the defendant to jail, and the question raised is, "Was this erroneous?"

The section of the statute under which the court assumed to act, is sec. 5626, Rev. Stat. This section provides, as to the defendant, that "in case he neglect or refuse to give such security, and pay the costs of prosecution, he shall be committed to the jail of the county, etc."

We hold that the authority of the court to order such commitment is not confined to the time or the term at which the order to provide for the support of the child is made.

It is clear that the recognizance which, by the order of the court, is declared forfeited, is not the bond for the faithful performance of the order which the court made at the time of the hearing, although the language is "Said recognizance is declared forfeited." No recognizance or bond had ever been given in compliance with the order then made; and it is for the want of such bond that the commitment was asked for. It is urged that the court, having made the order which it did, at the time of the hearing, had no further jurisdiction of the cause, to make any order. We think this is giving too narrow a construction to the section of the statute already mentioned. Doubtless, the court might have included in its original order, that upon failure to comply with the terms the defendant should be committed to jail. But it would seem to be the purpose of the statute to give the defendant an opportunity to give the security required by the order, and that if, after having had the opportunity, he failed to comply, the court might then order his commitment to jail. This is what was done, and, we think, properly done and that there was no error.

*Hessenmueller & Bemis*, for plaintiff in error.

*C. R. Robinson*, for defendant in error.